UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHAR MISIUK, A-241-683-540,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-03126-DC-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court is petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241. Because petitioner has since been removed from the United States, the undersigned recommends the petition be dismissed as moot.

**BACKGROUND**

Petitioner, a native of Belarus, initiated this action in propria persona on April 24, 2026, seeking habeas corpus relief under 28 U.S.C. § 2241. ECF No. 1. In his petition, petitioner alleged that he had been taken into Immigration and Customs Enforcement (ICE) custody on January 6, 2026, and, on January 28, 2026, an immigration judge issued a voluntary departure order, with which petitioner was willing to comply. *Id.* at 6-7. He alleged that his prolonged detention since that date was unreasonable and violated his rights. *Id.* As relief, petitioner sought immediate release from custody or, in the alternative, that the court order respondent to provide him a bond hearing. *Id.* at 6-7.

Respondent filed an answer on May 11, 2026, ECF No. 5, and, on July 7, 2026, filed a status report representing that petitioner had been removed pursuant to the voluntary departure order on June 17, 2026, supported by a verification of departure issued by the Department of Homeland Security. ECF No. 7. Petitioner has not filed a response to that report, and the court's mail to petitioner has been returned since July 2, 2026. The ICE detainee locator database shows petitioner is not presently detained. *See* U.S. Immigration and Customs Enforcement Online Detainee Locator System, https://locator.ice.gov/ (accessed November 4, 2026).[1]

**DISCUSSION**

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013). This requirement extends through the life of the case; a case must be dismissed if it becomes moot at any state. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997); *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). In a habeas corpus action challenging immigration detention, the case becomes moot if the petitioner is deported, unless the petitioner alleges he will suffer some form of adverse collateral consequence in addition to deportation from the harms alleged in the petition. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007); *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1127 (9th Cir. 2003).

Here, liberally construed, the petition challenged only petitioner's pre-removal detention as violative of his rights. ECF No. 1 at 6-7. Because petitioner has been removed, however, his claims challenging the lawfulness of his pre-removal detention have become moot. *See Abdala*, 488 F.3d at 1064-65. The petition alleged no collateral consequences that would be redressed by a ruling in his favor. *See id*. Because there is no extant controversy on which the court can act, the undersigned recommends the petition be dismissed. *See Abdala*, 488 F.3d at 1065.

//

[1] The court takes judicial notice of the detainee locator information available on the ICE website, pursuant to Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC, v. Visa USA Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953).

**CONCLUSION**

Accordingly, it is RECOMMENDED that the Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE